## Turner Petition

*Martin B. Turner, Jr.*, prose.

GERBER, J., June 10, 1959.—This petition for the approval of the appointment of a deputy constable in the Township of Upper Moreland was presented to the court by Joseph A. Krumenacker, the duly elected constable. The petition avers that there are almost 6,000 residents in Upper Moreland Township and that for "the better protection of lives and property and for the efficient dispatch of the volume of business" a deputy constable is required. The petition further avers that the constable finds it difficult to perform all the constable services by reason of his employment and ill health.

A hearing was held before the writer of this opinion in which Constable Krumenacker testified that there are two elected constables in Upper Moreland Township; that he presently has one deputy; that he is retired and does constable work when he gets it. The

constable further testified that he gets his constable work from two squires in Cheltenham Township and does not receive any work from the Upper Moreland. squires. He has never had to refuse work because of the volume of his business. The sole reason given in support of the petition for the approval of the appointment of Martin R. Turner, Jr., as deputy was that since Turner, as a police officer, is presently serving warrants and summonses, he should be named deputy constable as well.

The statutory authority for deputy constables is found in the Act of June 19, 1913, P. L. 534, sec. 1, 13 PS §§21, 22, which states that deputies are appointed by the constable "subject to the approval of the court of quarter sessions . . ." The court is vested with discretion when presented with such a petition, approval not being a matter of course.

A series of judicial decisions has developed a body of principles to guide the courts in the approval of deputy constable appointments. The most recent and comprehensive case is that of Preno Petition, 77 D. & C. 193 (1951), which reviews all the prior cases and in which the court stated that a reason or necessity must be shown to exist before the court of quarter sessions will approve the petition. A large volume of business, personal disability of the constable or some other unusual condition must be shown to meet the burden of showing the reason and necessity for the appointment of the deputy. The size of the township or its population is not a proper reason in the absence of incapacitation of the constable, an excessive work load or some other unusual condition. It has even been suggested that if the constable is permanently disabled, he should resign and permit a successor constable to be chosen, rather than appoint a deputy. See Preno Petition, supra.

The testimony elicited on behalf of this petition does not meet the requirements necessary to justify court approval of the appointment of a deputy.

The testimony of the constable does not indicate any excessive volume of business and, in fact, shows that the constable can adequately handle all the business he receives. The constable is retired from his prior employment, and there was no evidence that ill health interfered with or prevented his carrying out the constable duties. The constable presently has a deputy, and this court has not been shown any reason or necessity for the appointment of an additional deputy.

And now, June 10, 1959, in view of the foregoing, the petition for the approval of the appointment of Martin Robert Turner, Jr., as a deputy constable for Upper Moreland Township is dismissed.